# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

-vs-                                                   **Case No.  6:10-cv-910-Orl-31GJK**

**ROBERT P. KOSMAS,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT FINAL JUDGMENT AGAINST ROBERT P. KOSMAS (Doc. No. 9)** |
| **FILED:** | **September 29, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   BACKGROUND.

On June 10, 2010, the United States of America (the "Plaintiff") filed a complaint (the "Complaint") against Robert P. Kosmas (the "Defendant") to reduce to judgment unpaid federal income tax liabilities for tax years 1996 to 1998, 2004, and 2006 to 2008. Doc. No. 1.  On various dates set forth in the Complaint, delegate of the Secretary of Treasury assessed income taxes, interest and penalties against Defendant. *Id.* at ¶¶ 6-8. Plaintiff alleges that despite notices of the assessments and demands for payment, Defendant has refused to pay the full amount of

the assessments and as of June 1, 2010, a total of $1,184,963.29, inclusive of interest, penalties, payments, abatements, and other credits is still due and owing, plus fees and interest. *Id.* at ¶ 9. Plaintiff also alleges that the statute of limitations has been tolled by: 1) a January 29, 2000 offer-in-compromise that was rejected, returned, or terminated on April 30, 2001; and 2) Defendant's September 23, 2003 collection due process hearing request which was withdrawn on June 6, 2004. *Id*. at ¶ 10. Thus, Plaintiff specifically alleges that the action is timely. *Id.*

On August 3, 2010, Defendant was personally served with summons and a copy of the Complaint. Doc. No. 6 at 2. To date, Defendant has not responded to the Complaint. On August 31, 2010, default was entered against Defendant. Doc. No. 8. On September 29, 2010, Plaintiff filed the present Motion for Default Final Judgment (the "Motion") pursuant to Rule 55(b), Federal Rules of Civil Procedure. Doc. No. 9. In the Motion, Plaintiff states the following:

> Despite notice and demand for payment described in paragraph 6 of the Complaint, [Defendant] owes the [Plaintiff] $1,202,853.85, inclusive of interest, penalties, payments and other credits as of September 24, 2010, plus statutory additions accruing thereafter according to law, which [Defendant] has refused and neglected to pay. (Declaration of Michael Kurciviez ("Kurciviez Decl."), filed contemporaneously herewith, ¶¶ 3-7).

Doc. No. 9 at 3. In support of its Motion, Plaintiff filed the declaration of Michael Kurciviez, a revenue officer for the Internal Revenue Service ("IRS"). Doc. Nos. 7-1. Mr. Kurciviez states:

> [A]s a Revenue Officer, I am assigned to collect [Defendant's] unpaid federal income taxes for the following tax years: 1996, 1997, 1998, 2004, 2006, 2007, and 2008. . . I have conducted a search of the [IRS] records within my custody and control . . . taking into account all appropriate credits, payments and abatements.
>
> Attached as Exhibits 1, 2, 3, 4, 5, 6, and 7, are Forms 4340 Certificate of Assessments, Payments, and Other Specified Matters of the federal

> income taxes assessed against [Defendant]. . . . [The] Exhibits . . . show that a delegate of the Secretary of the Treasury made timely assessments for federal income taxes against [Defendant] for the tax years 1996, 1997, 1998, 2004, 2006, 2007, and 2008. . . . With the exception of 1996, all of the assessments . . . reflect, or were based upon, the tax [Defendant] reported on his individual income tax returns. [Defendant's] liability for 1996 includes both the tax he reported for that year ($43,895) and an assessed deficiency ($248,881), plus statutory interest and a failure to pay penalty. Notices of the assessments and demands for payment were made on [Defendant]; however, his income tax liabilities for the years listed above remain unpaid.
>
> After confirming the assessments described above, I used the command code INTST to compute the unpaid balance of the assessments . . . plus accrued interest through September 24, 2010, for each tax year.
>
> As the INTST computation demonstrates, there remains due and owing from [Defendant] to [Plaintiff], on account of his income tax liabilities for the tax years 1996, 1997, 1998, 2004, 2006, 2007, 2008, a total of $1,202,853.85 as of September 24, 2010 – the sum of the balance on the INTST computations for the above-listed tax years, plus interest as provided by law.

Doc. No. 11-1 at 1-4. Plaintiff requests "further interest and statutory additions as allowed by law, pursuant to 26 U.S.C. §§ 6601, 6621, 6622 and 28 U.S.C. § 1961(c), until paid." Doc. No. 9 at 6. Based on the foregoing, Plaintiff requests an entry of default final judgment. Defendant has failed to respond to the Motion.[1]

## II.   LAW.

### A.   Default Judgment.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed.R.Civ.P. 55(a). The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court.

---

[1] The Motion was served on Defendant by First-Class mail. Doc. No. 9 at 8.

Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

Rule 55 (b)(2) addresses the entry of default judgment by the court and states:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment , it needs to:
> A) conduct an accounting;
> B) determine the amount of damages;
> C) establish the truth of any allegation by evidence; or
> D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2) (emphasis added).  "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *Directv, Inc. V. Huynh*, 318 F. Supp.2d 1122, 1129 (M.D. Ala. 2004) (*citing Directv, Inc. v. Griffin*, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003)).

B.  Tax Liability.

"Before a taxpayer is subject to any tax liability, the [IRS] must first determine that a tax deficiency exists." *United States v. Navolio*, No. 6:06-cv-1461-Orl-19GJK, 2008 WL 2413956, at *2 (M.D. Fla. June 11, 2008). "As explained by the United States Supreme Court, 'In essence,

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

a deficiency as defined in the [United States] Code is the amount of tax imposed less any amount that may have been reported by the taxpayer on his return. Where there has been no tax return filed, the deficiency is the amount of tax due.'" *Id.* (quoting *Laing v. United States*, 423 U.S. 161, 173-74 (1976)). If the IRS determines that there is a deficiency, the IRS is authorized to send notice of such deficiency to the taxpayer pursuant to 26 U.S.C. § 6212(a). *Id.* An "assessment" is a procedure in which the IRS "records the liability of the taxpayer in IRS files." *Id.* at *3. "[T]he mailing of a notice of deficiency is a statutory prerequisite to a valid tax assessment." *Id.* at *2 (citing 26 U.S.C. § 6213(a); *Tavano v. Comm'r*, 986 F.2d 1389, 1390 (11th Cir.1993)).[3]

Federal income tax assessments are presumed to be valid. *See United States v. Chila*, 871 F.2d 1015, 1018-19 (11th Cir.1989); *George v. United States*, 819 F.2d 1008, 1013 (11th Cir.1987) ("The commissioner's determination of a tax deficiency is presumed to be correct."). Unless a taxpayer shows that the IRS computed a tax assessment arbitrarily and without foundation, the IRS's calculation of the assessment is presumptively correct. *United States v. Mathewson*, 839 F.Supp. 858, 860 (S.D.Fla.1993) (citing *Chila*, 871 F.2d at 1018).

C. <u>Interest and Statutory Additions</u>.

As set forth above, pursuant to 26 U.S.C. §§ 6601, 6621, 6622 and 28 U.S.C. § 1961(c), Plaintiff requests interest and statutory additions. Doc. No. 9 at 6. 26 U.S.C. § 6601 provides that interest upon any underpayment or nonpayment of taxes shall accrue at the "underpayment rate established under Section 6621." 26 U.S.C. § 6601(a). Section 6621(a)(2) provides that the

---

[3] 26 C.F.R. § 301.6203 states: "The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." *Id.*

underpayment rate shall be the sum of: "(A) the Federal short-term rate determined under subsection (b), plus; (B) 3 percentage points."   26 U.S.C. § 6621(a)(2).   Section 6621(b)(3) provides that the Federal short-term rate "for any month shall be . . . determined by the Secretary [of the Treasury] in accordance with Section 1274(d)."   *Id*.   Section 1274(d)(1)(C)(i) states that the Secretary of the Treasury shall determine the Federal short-term rate "based on the average market yield (during any 1-month period selected by the Secretary and ending in the calendar month in which the determination is made) on outstanding marketable obligations of the United States with remaining periods to maturity of 3 years or less."   *Id*.   "Interest rates for each calendar quarter are published in the Internal Revenue Bulletin during the month preceding the first month of the quarter for which they are effective."   4 Casey Fed. Tax Prac. § 13.2 (2010); *see also* Rev. Rul. 91-20, 1991-1 C.B. 229 (publication of the interest rates for the calendar quarter beginning April 1, 1991).   Section 6622(a) provides that interest "shall be compounded daily."   26 U.S.C. § 6622(a).

28 U.S.C. § 1961(a) provides the standard calculation for post-judgment interest.   *Id*. However, 28 U.S.C. § 1961(c)(1) provides:

> This section shall not apply in any judgment of any court with respect to any internal revenue tax case.  Interest shall be allowed in such cases at the underpayment or overpayment rate (whichever is appropriate) established under section 6621 of the Internal Revenue Code of 1986.

*Id*.  Thus, standard post-judgment interest under Section 1961(a) is not applicable in this case.

*Id*.  Accordingly, because Plaintiff is alleging nonpayment or underpayments of Defendant's tax liabilities, interest will accrue at the underpayment rate established under 26 U.S.C. § 6621(a)(2) and will compound daily under 26 U.S.C. § 6622(a) until the debt is paid.

6

III.   <u>**ANALYSIS**</u>

By failing to answer the Complaint, Defendant is deemed to have admitted that the taxes, interest, and penalties were assessed against him, that notices of assessment and demands for payment were issued to him, and that he failed to satisfy the assessments. Furthermore, the IRS's calculation of the assessments against Defendant is presumptively correct and Defendant has not challenged that calculation. *Chila*, 871 F.2d at 1018-19.  Plaintiff's allegations are sufficient to establish Defendant's liability to the United States.  Accordingly, after reviewing the Complaint, the Motion, the attached affidavit and account transcripts, it is recommended that Defendant's tax liability be reduced to judgment.

Accordingly, it is **RECOMMENDED** that:

1.      Plaintiff's Motion (Doc. No. 9) be **GRANTED**;

2.      Plaintiff be awarded the total balance of $1,202,853.85 (as of September 24, 2010); and

3.      Plaintiff be awarded interest at the applicable underpayment rate, compounded daily under 26 U.S.C. § 6622(a) from September 24, 2010 until paid.

It is further **ORDERED** that the Clerk of the Court shall serve a copy, by certified mail, of this Report and Recommendation on: Robert P. Kosmas, 920 E 3rd Avenue, New Smyrna Beach, Florida 32169.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 23, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party by Certified Mail